IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| WILLIAM C. BISCHOFF, | CIVIL CASE NO. CV0621-23 |
| Plaintiff, | |
| vs. | DECISION AND ORDER GRANTING MOTIONS TO DISMISS |
| JAMES L. CANTO II AND NICOLAS E. TOFT, | |
| Defendants. | |

In this defamation action, Defendants James L. Canto II and Nicolas E. Toft move this Court to dismiss Plaintiff William Bischoff's Complaint, which they claim violates the Citizen Participation in Government Act of 1998 ("CPGA"). Upon review of the pleadings and based on the language of the CPGA, the Court GRANTS Canto and Toft's Motions to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At the relevant times mentioned in Bischoff's Complaint, Canto and Toft were attorneys at the Office of the Attorney General. Compl. ¶ 1 (Oct. 31, 2023). Bischoff alleges they committed defamation and conspiracy to commit defamation: "[o]n or about November 18, 2022 and December 14, 2022, at public meetings of the GALC [Guam Ancestral Lands Commission], the defendants intentionally, knowingly, recklessly, and negligently made, published, to it, the interrelated false and unprivileged defamatory statements concerning plaintiff Bishoff..." *Id.* ¶ 2. These alleged defamatory statements related to a closed case, *Gov't of Guam v. Gutierrez,* CV1124-09. *Id.* Bischoff alleges that Canto and Toft's statements to the GALC indicated that (1) Bischoff stated that his client, the GALC, broke the law in the

ORIGINAL

Complaint for CV1124-09; (2) during his representation of the GALC, Bischoff was planning to sue the GALC; (3) as a result of these actions, Bischoff created a conflict of interest for the Office of the Attorney General in representing the GALC. *Id.*

As it relates to the statements made on November 18, 2022, Bischoff alleges that Toft published to the GALC an email written by Canto containing the defamatory statements provided above. *Id.* ¶ 6. As for December 14, 2022, Bischoff alleges that Canto and Toft continued to defame him in the same manner and conspired to do so through their statements at a public meeting of the GALC. *Id.* ¶ 7, 15.

Canto and Toft move to dismiss Bischoff's Complaint pursuant to the CPGA, arguing that their statements qualify as a protected petitioning activity. Canto Mot. Dismiss at 2 (Nov. 27, 2023); Toft Mot. Dismiss at 4 (Nov. 30, 2023). The communication between Canto, Toft, and the GALC occurred because the GALC requested an explanation from the Office of the Attorney General on why they settled CV1124-09. Canto Mot. Dismiss at 1. As it relates to the purpose of the communication, Canto provides that he wrote the email at issue intending "to inform, communicate with, and influence action by the GALC." Canto Decl. ¶ 8. In doing so, Canto intended "to obtain an acknowledgment from the GALC that it was not a client of the Office of the Attorney General in the litigation of CV1124-09, and that it was not a legitimate or recognized party to CV1124-09." *Id.* ¶ 9. Toft provides that his objective in sharing this information with the GALC "was to transmit information from the...Attorney General of Guam, to report back on the issue raised by...Bischoff, and to provide legal advice to" the GALC "regarding the optimal path forward and what actions to take." Toft Decl. ¶ 9.

Bischoff opposes Canto and Toft's arguments by providing that their actions constituted a sham petitioning activity, and public policy should prevent knowingly false statements from

ORIGINAL

receiving CPGA protection. Opp'n Toft Mot. Dismiss (Dec. 27, 2023); Opp'n Canto Mot. Dismiss (Jan. 8, 2024). Additionally, during the hearing on this Motion, Bischoff focused on the merits of his claims.

## II.   LAW AND DISCUSSION

The CPGA provides immunity for "[a]cts in furtherance of the Constitutional rights to petition, including seeking relief, influencing action, informing, communicating, and otherwise participating in the process of government...regardless of intent or purpose, except where not aimed at procuring any government or electoral action, result or outcome." 7 GCA § 17104. Since CPGA remedies are powerful, courts must construe the statute's applicability narrowly. *Moylan v. Axe Murderer Tours Guam, Inc.,* 2021 Guam 25 ¶ 12. The Guam Supreme Court has adopted the *Duracraft* test for the application of the CPGA which provides that the movant must make a prima facie showing that the petitioning activity "itself is the wrong complained of." *Id.* ¶¶ 13, 14. To do this, the movant must show the non-movant's claims have "no substantial basis other than or in addition to the petitioning activity." *Id.* A claim is groundless, or a "sham," under the CPGA if it "pleads no substantial basis for liability other than the petitioning activity." *Id.* ¶ 14. On the filing of a motion under the CPGA, the responding party (here, Bischoff), has the burden of proof, and the Court shall grant the motion and dismiss the claims unless the responding party has produced clear and convincing evidence that the acts of the moving party are not immunized from liability under section 17104. 7 GCA § 17106(c), (e).

Bischoff's Complaint bases his claims on statements made by Canto and Toft to the GALC—statements that Canto and Toft made with the intent of informing the GALC on the status of CV1124-09 and attempting to influence the behavior of the GALC in light of this information. On their face, these statements mirror the circumstances under the CPGA—



petitioning activity aimed to influence government decision-making. *See* 7 GCA §§ 17104. Also, as the statements were made to inform the GALC and influence their action, this petitioning activity is not subject to the sham exception. Finally, there is no other basis for Bischoff's claims provided in his Complaint other than these statements. Therefore, the Court finds that the CPGA immunizes Canto and Toft from Bischoff's defamation claims.

Bischoff's objections did not directly address Canto's and Toft's CPGA arguments but rather focused on the merits of his defamation claims.[1] As the merits of a claim are irrelevant to a CPGA analysis, the Court declines to address those arguments. To the extent he argued the CPGA issues, the Court declines to find that Bischoff did so in a way that was clear and convincing. Finally, the Court reviews Bischoff's argument that public policy should prevent the application of the CPGA for knowingly false statements. The Court declines to find that public policy precludes the CPGA under these circumstances as the case relied upon by Bischoff involved criminal extortion--an activity illegal as a matter of law--and is therefore distinct from the matter currently before the Court. *See Flatley v. Mauro*, 139 P.3d 2 (Cal. 2006).

The Court briefly addresses whether the CPGA was intended to protect government attorneys in furnishing advice to their government clients. The CPGA expressly intends to "protect and encourage *citizen* participation in government" and "*public* participation in government programs, public policy decisions and other actions." 7 GCA § 17102(b) (emphases added). It is unclear whether government attorneys, in their attorney-client communications, can be construed as "citizens" or members of the "public"—neither of which the CPGA defines. While the Court raised this issue at oral arguments, Bischoff did not provide any support relative to the Court's concerns, nor did he meet his burden under sections 17104 and 17106. This

---

[1] Bischoff asserted a Cross-Motion for Summary Judgment on his defamation claims.



Decision and Order should not be construed to determine anything other than that Bischoff failed to meet his burden of persuasion by clear and convincing evidence.

Finally, the Court turns to the issue of costs and sanctions associated with this dismissal. When a case is dismissed under the CPGA, the court shall award the moving party the costs of litigation and such additional sanctions sufficient to deter repeated or similar conduct. 7 GCA § 17106(g). Therefore, the Court awards Canto and Toft their costs of litigation. Additionally, the Court finds a minimal sanction of $250, payable to the Clerk of Court, to be appropriate in this matter and sufficient for future deterrence.

## III.  CONCLUSION AND ORDER

Based on the statutory language of the CPGA, the Court GRANTS Canto and Toft's Motions to Dismiss. All other pending motions in this matter are now moot. Bischoff is ordered to pay the sanction within thirty days. Applications for costs shall comply with CVR 54.1.

**SO ORDERED, 16 April 2024.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Parties:
William C. Bischoff, Esq. Self-represented Plaintiff
James L. Canto II, Esq., Self-represented Defendant
Nicolas E. Toft, Esq., Self-represented Defendant

ORIGINAL